’Mr. Justice Huger
delivered the opinion of the court:
Had the plaintiff received a conveyance from the sheriff, he would have been bound, and this court could have afforded him no relief. For although the civil law rule of implied warranties has been adopted in this state, it was decided in the case of Davis & Murray, (2 Con. Rep. 143, and 2 Bay, 167,) that sheriff’s sales form an exception to the general rule, and are coupled with no implied warranty. A sheriff’s sale is now governed by the same rules as other sales of real property were anterior to the adoption of the civil law rule.
In the case of Johnson £? Johnson, (3 Bos. fy Pol. 3 68,,) the chief justice observes, “the flaw having been discovered before the purchase was completed, there is no pretence the plaintiff bought the estate, .and that having obtained the title for which he contracted, he must abide by the consequences. In no case can a sale of lauds be regarded as completed, until the purchaser has paid his money, and the seller conveyed the land. The plaintiff in this cose having received no conveyance, he was not bound, or was at liberty to shew that the title was not in the defendant, or that he was g'uilty of the fraud charged by the plaintiff.
In no case ought satisfaction to be ordered by the court, where the evidence of payment is not indisputable. In this case, if the allegations sworn to by the plaintiff can be Substantiated, there was no payment. There was quite *266 enough, at least, to excite great doubts in the mind of the-court.
McCord, for the motion.
Gregg, contra.
The order of the Circuit Court must therefore be reversed.
The motion is granted.
Justices Richardson, Johnson, Gcmtt, ColcocJe and Nott, concurred.